UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HYPHY MUSIC, INC. ,<br><br>Plaintiff,<br><br>v.<br><br>FEDRICO CRUZ, an individual and dba CRUZ PROMOTIONS; JOSE LUIS POSADAS ROMANO, LUIS EDUARADO ROA HERNANDEZ, JORGE ESPITIA HERNANDEZ, ALONSO ESTRADA, and VICTOR CHAGOYA, all individuals,<br><br>Defendants<br><br>----------------------------------------------<br>AND RELATED COUNTERCLAIMS AND THIRD-PARTY CLAIMS | Case No. 1:23-cv-00700-JLT-HBK<br><br>ORDER GRANTING DEFENDANTS' EX PARTE APPLICATION TO A LIMITED EXTENT<br><br>(Doc. 93) |

On July 2, 2026, Defendants Federico Cruz dba Cruz Promotions, Jose Luis Posadas Romano, Luis Eduardo Roa Hernandez, Jorge Espitia Hernandez, Alonso Estrada, Victor Chagoya, and Third-Party Plaintiff Julian Tapia Sena ("Tapia") (collectively, "Moving Parties") filed an ex parte application seeking administrative relief regarding their misfiled motion to compel the deposition of Third-Party Defendant Salvador Olvera Rios (the "motion to compel"). (Doc. 93). Third-Party Plaintiff Julian Tapia Sena ("Tapia") and Third-Party Defendant Salvador

Olvera Rios ("Olvera") submitted a joint statement pursuant to Local Rule 251(c) in conjunction with the motion to compel Olvera's deposition. (Doc. 94-2). The Moving Parties explain that the motion to compel was incorrectly filed on June 19, 2026, and noticed for a July 17, 2026 hearing in the related action, Case No. 1:21-cv-00216-JLT-HBK, rather than in this action. Plaintiff Hyphy Music, Inc. and Third-Party Defendant Salvador Olvera Rios oppose the ex parte application. (Doc. 96).

The Court has considered the Moving Parties' request for administrative relief in light of the misfiled motion to compel Olvera's deposition, the record, and the parties' submissions and arguments. The Court finds that the motion to compel bears the correct caption for this action, notwithstanding its filing in the related copyright action, Case No. 1:21-cv-00216-JLT-HBK. The Court further finds that the misfiling was a technical, clerical error by counsel, not a substantive attempt to evade Court rules or deadlines. Correcting this error and deeming the motion to compel filed in the proper case as of the original filing date will not materially prejudice any party.[1] Courts have deemed filings timely where counsel entered a filing in the wrong docket by counsel. *See Shuler v. Garrett*, 715 F.3d 185, 186 (6th Cir. 2013) (recognizing that several circuit courts have "concluded that electronically-filed motions received by the clerk of the court within the specified time period should be considered timely, even when they contain the wrong docket number").

Hyphy and Olvera object that the application is procedurally improper as an ex parte application and does not warrant shortening time for a hearing on the motion to compel. This Court's order grants administrative relief only: correcting the docketing error and resetting the motion to compel for hearing as a regularly noticed motion. The Court does not resolve the underlying discovery dispute by ex parte order, consistent with the Eastern District of California's local rules limiting ex parte applications and requiring motions to be set on regular motion days

---

[1]The Court previously terminated the misfiled motion and vacated the hearing consistent with Local Rule 251(a) after no Joint Statement was filed. Parties are directed to contact the Clerk once they become aware of a filing error so the Clerk can correct the docket to reflect the error. *See* https://pacer.uscourts.gov/help/faqs/i-made-mistake-and-want-delete-or-edit-my-filing-how-can-i-do.

absent compelling circumstances. Local Rules 144(e), 251.

Accordingly, IT IS ORDERED:

1. Defendants Federico Cruz dba Cruz Promotions, Jose Luis Posadas Romano, Luis Eduardo Roa Hernandez, Jorge Espitia Hernandez, Alonso Estrada, Victor Chagoya, and Third-Party Plaintiff Julian Tapia Sena's Ex Parte Application (Doc. 93) is GRANTED to the limited extent set forth in this Order.
2. In the interests of justice and to avoid prejudice arising from counsel's clerical error, Defendants and Tapia's motion to compel Olvera's deposition and all supporting papers are deemed filed in this action as of the original date they were submitted to the Court in the related copyright action, Case No. 1:21-cv-00216-JLT-HBK, notwithstanding the initial docketing error in the related case.
3. Defendants and Tapia's motion to compel Olvera's deposition is set for hearing on **July 29, 2026, at 1:00 P.M.** via videoconference before United States Magistrate Judge Helena Barch-Kuchta. The Parties shall email courtroom deputy Patricia Apodaca (papodaca@caed.uscourts.gov) no later than two court days before the hearing to arrange for video participation and the issuance of a Zoom invitation.
4. To promote efficient resolution of the dispute and, if possible, avoid the need for Court intervention, the parties shall meet and confer in good faith within **three (3) court days** of the date of this Order to attempt to select a mutually agreeable date, time, and place for Olvera's deposition. **No later than July 27, 2026**, the parties shall submit a brief joint status report not to exceed three pages stating: (a) whether Olvera's deposition has been scheduled and/or completed; and (b) if not, the reasons it did not go forward and each party's position regarding any remaining dispute.
5. All arguments and defenses relating to the propriety of the motion to compel, including any contention that the discovery deadline has expired or that any party has failed to comply with scheduling or Local Rules, are expressly preserved for the hearing on the motion to compel. Nothing in this Order shall be construed as a ruling on the merits of the motion to compel, on any discovery cutoff or scheduling issues, or

on any sanctions request.

6. The Court may modify this Order or the hearing schedule upon a further showing of good cause, consistent with its inherent authority to manage its docket and the discovery process under the Federal Rules of Civil Procedure.

Dated: July 14, 2026

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE