UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HYPHY MUSIC, INC.,

Plaintiff,

v.

FEDRICO CRUZ, an individual and dba CRUZ PROMOTIONS; JOSE LUIS POSADAS ROMANO, LUIS EDUARADO ROA HERNANDEZ, JORGE ESPITIA HERNANDEZ, ALONSO ESTRADA, and VICTOR CHAGOYA, all individuals,

Defendants.

Case No. 1:23-cv-00700-JLT-HBK

ORDER GRANTING DEFENDANTS' EX PARTE APPLICATION FOR RELIEF AND RESETTING HEARING

(Doc. 103)

ORDER SETTING HEARINGS FOR: JULY 30, 2026 at 1:00 PM

Pending is the *ex parte* application of Defendants Federico Cruz dba Cruz Promotions, Jose Luis Posadas Romano, Luis Eduardo Roa Hernandez, Jorge Espitia Hernandez, Alonso Estrada, Victor Chagoya, and Third-Party Plaintiff Julian Tapia Sena's (together "Moving Parties"), seeking relief from their counsel's mistake that led to him miss a hearing. (Doc. 103). Counsel explains that he failed to appear at the July 13, 2026 hearing on Plaintiff Hyphy Music, Inc's motion to compel Defendant Federico Cruz to produce documents, appear for his deposition, and for sanctions (Doc. 88) due to a calendaring error and requests that the hearing be reset. Plaintiff Hyphy Music, Inc. and Third-Party Defendant Salvador Olvera Rios filed an opposition. (Doc. 106).

The Court finds rehearing on the motion is warranted. The Court has not yet issued a written order on Hyphy's motion to compel. Although the Court stated its intent to grant the motion to compel at the hearing, a finding of a good faith calendaring mistake and resulting failure to appear would provide a sufficient basis to set aside such a ruling. *See, e.g.*, *Capitol Recs., Inc. v. Weed*, No. CV06-1124-PHX-JAT, 2007 WL 1876375, at *2 (D. Ariz. June 27, 2007) (finding excusable neglect under Rule 60(b)(1) and setting aside judgment where counsel missed a hearing due to calendaring error); *Thornberry v. Bal*, 2020 WL 731268, at *3 (E.D. Cal. Feb. 13, 2020) (extending discovery deadlines and explaining that where a deadline is missed by simple inadvertence or good faith misunderstanding, courts are willing to grant counsel leave to complete the required duty, particularly where there is no real prejudice to the opposing party) (citations omitted). The interests of justice are best served by adjudicating motions on their merits, with the benefit of full briefing and, where appropriate, oral arguments from all parties. The nonappearance of a party at a scheduled hearing, standing alone, does not warrant resolving the motion in a manner that deprives the Court of a fully developed record. *See, e.g.*, Fed. R. Civ. P. 1 (directing that the Rules be construed and administered to secure the just, speedy, and inexpensive determination of every action). Thus, the Court will grant the *ex parte* application and reset Hyphy's motion to compel for rehearing.

The Court previously set Defendants and Tapia's motion to compel Olvera's deposition (Doc. 93) for hearing on July 29, 2026, at 1:00 P.M. via videoconference. (Doc. 105). Having reviewed both Hyphy and Defendants' pending discovery motions (Docs. 88, 93), being advised that the parties have been unable to agree upon and submit the joint statement required by the applicable Local Rules, and further finding that counsel have not been able to effectively meet and confer to resolve or narrow the issues, the Court concludes that both motions are best suited for an in-person hearing.

////

////

Accordingly, IT IS ORDERED:

1. The Moving Parties' *ex parte* application for relief (Doc. 103) is GRANTED.

2. Plaintiff Hyphy Music, Inc.'s motion to compel Defendant Federico Cruz to produce documents, appear for his deposition, and for sanctions filed on June 19, 2026 (Doc. 88, "Hyphy's motion") is RESET for rehearing on **July 30, 2026, at 1:00 P.M. in Courtroom 2, Fresno.**
3. Defendants and Tapia's motion to compel Olvera's deposition (Doc. 93, "Defendants' motion"), previously set for July 29, 2026, at 1:00 P.M. via videoconference, is RESET for an in-person hearing on **July 30, 2026, at 1:00 P.M. in Courtroom 2, Fresno.**
4. To promote efficient resolution of the disputed and, if possible, avoid the need for Court intervention, the parties must make one final good-faith effort to meet and confer in person or by live video conference for at least 15 minutes, to attempt to resolve or narrow the discovery disputes raised in Hyphy's motion and Defendants' motion and to attempt to select a mutually agreeable date, time, and place for Cruz' and Olvera's depositions.
5. **No later than July 28, 2026**, the parties shall jointly file a short statement (not to exceed six pages) identifying:
    a. The issues that remain in dispute;
    b. Each party's position on each outstanding issue, with citation to any key authority;
    c. Any areas of agreement or proposed compromise;
    d. Whether Cruz's and Olvera's deposition have been scheduled; and
    e. If not, the reasons they have not been scheduled and each party's position regarding future scheduling of the deposition.
6. The failure of any counsel to comply with this Order or the meet and confer obligations of the Local Rules may result in the imposition of sanctions, including but not limited to denial of relief, monetary sanctions, or other appropriate remedies.
7. The requirement of a traditional joint statement under Local Rule 251 is temporarily modified for these motions; if counsel remain unable to agree on a single statement,

each side may submit a separate statement of no more than three pages, filed concurrently, addressing the items listed in paragraph 5.

Dated: July 23, 2026

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE