UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HYPHY MUSIC, INC. ,

Plaintiff,

v.

FEDRICO CRUZ, an individual and dba CRUZ PROMOTIONS; JOSE LUIS POSADAS ROMANO, LUIS EDUARADO ROA HERNANDEZ, JORGE ESPITIA HERNANDEZ, ALONSO ESTRADA, and VICTOR CHAGOYA, all individuals,

Defendants

----------------------------------------------

AND RELATED THIRD-PARTY ACTION

Case No. 1:23-cv-00700-JLT-HBK

ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL DEFENDANT CRUZ TO PRODUCE DOCUMENTS, APPEAR FOR DEPOSITION, AND FOR SANCTIONS TO THE LIMITED EXTENT

(Doc. 88)

Pending before the Court is Plaintiff Hyphy Music, Inc.'s ("Hyphy") motion to compel Defendant Federico Cruz ("Cruz') to produce documents and appear for his deposition, and request for sanctions, filed June 19, 2026. (Doc. 88). Hyphy seeks an order compelling Cruz to appear for his deposition and produce all responsive, non-privileged documents to his Document Requests Nos. 1, 2, 4 through 15, 17 through 21, 24 through 33. (*Id*. at 7-8). Cruz filed an opposition, and Hyphy filed a reply. (Docs. 95, 98). The parties filed a Joint Statement Re

Discovery (Doc. 109), and the Court reheard argument on July 30, 2026. (Doc. 113). Attorneys Sherrie M. Flynn and Aisha O. Otori appeared on behalf of Plaintiff Hyphy and Third-Party Defendant Salvador Olvera Rios. Attorney Eduardo Martorell appeared on behalf of Defendant Federico Cruz, dba Cruz Promotions ("Cruz").

The Court has reviewed the motion, the supporting materials, the record, and considered arguments from counsel. For the reasons stated on the record and below, the motion is granted to the limited extent set forth in this Order.

The Court finds that Hyphy properly served the discovery requests and properly noticed Cruz's deposition. (Doc. 88-1, Exhibits A, G, H, J). On April 1, 2026, Cruz responded to the document requests, raised objections and agreed to produce non-privileged documents within its custody, possession and control. (Doc. 88-2). The record further reflects that Hyphy's counsel granted extensions of time and made reasonable, good-faith efforts to address the objections and obtain Cruz's compliance without court intervention, including attempts to confer regarding Cruz's deposition, document production, and overdue responses consistent with Federal Rule of Civil Procedure 37(a)(1). (Doc. 88-1, Exhibits C, E, F, I, K). The Court also held an informal discovery conference regarding the overdue documents. (Doc. 83).

Despite repeated assurances that he would produce the requested documents, Cruz failed to do so in a manner consistent with Federal Rule of Civil Procedure 34(b). Cruz points to a 665-page document production made on June 8 and 10, 2026. (Doc. 95 at 9). Hyphy counters that those documents were produced by Defendant Tapia Sena, bore Tapia's bates-stamped numbers, and were not identified by Cruz as responsive to the Hyphy's document request. (Doc. 98 at 5). At the hearing, Hyphy's counsel confirmed that the document requests to Tapia were not identical to the document requests to Cruz. A review of the June 8, 2026 email forwarding the documents shows that the document production was for "Tapia Sena." (Doc. 95-2 at 1).

The Court further finds that Cruz responded to Hyphy's document requests by asserting general, boilerplate objections (including but not limited to "vague and ambiguous," "overbroad," "unduly burdensome," and "privileged") without providing specific, request-by-request factual or legal grounds tailored to each individual request. After asserting boilerplate objections, Cruz

produced approximately 665 pages of documents that were comingled from two different defendants, without identifying which documents were produced by which defendant and without organizing or labeling the documents to correspond to the specific requests to which they were responsive. His production did not comply with the requirement that documents produced in response to a demand for inspection be identified with the specific request number to which the documents respond or how maintained in the ordinary course of business. Cruz's responses are further deficient because he withheld documents based on claims of attorney-client privilege and/or work-product protection without serving any privilege log. Under Federal Rule of Civil Procedure 26(b)(5)(A), a party withholding otherwise discoverable information on a claim of privilege or trial-preparation protection must expressly make the claim and describe the nature of the documents, communications, or tangible things not produced in a manner that, without revealing the privileged information itself, enables other parties to assess the claim. Cruz did not do so here. By failing to identify the withheld documents and provide the information necessary to evaluate the asserted privilege, Cruz has not complied with Rule 26(b)(5)(A).

Plaintiffs properly noticed Cruz's deposition, and defense counsel initially agreed to produce Cruz. The day before the scheduled deposition, defense counsel cancelled the deposition. At the hearing, defense counsel presented evidence and representations that, despite repeated efforts, he has been unable to communicate with Cruz and therefore cannot presently compel Cruz's appearance. Counsel specified the dates that he attempted to contact Cruz and Cruz's failure to respond and maintain contact with counsel. Recently, Counsel has moved to withdraw as attorney of record based on Cruz's failure to remain in contact and cooperate in the defense of this action.

The Court acknowledges that Plaintiffs were entitled to proceed with the duly noticed deposition and that the last-minute cancellation caused inconvenience. At the same time, the Court credits defense counsel's unrebutted representations that counsel cannot locate or communicate with Cruz despite reasonable efforts. In light of these circumstances, the Court will not issue coercive sanctions against defense counsel personally for failing to produce Cruz at this time. The Court reserves the right to consider appropriate relief or sanctions against Cruz

directly, including evidentiary or issue sanctions, if he continues to fail to appear for properly noticed depositions or otherwise fails to participate in this litigation. Plaintiffs may renew their request for relief related to Cruz's non-appearance if and when they can demonstrate that Cruz has notice of his obligations and nonetheless refuses to comply.

Plaintiff also requested an order compelling further responses to Cruz's allegedly deficient responses to Requests for Admission "RFA"). However, Plaintiff did not adequately brief this issue and did not attach the underlying RFAs or the responses at issue. Without the RFAs and responses properly before the Court, the record is insufficient to permit meaningful review of that portion of the motion. The Court therefore declines to consider Plaintiffs' request for relief regarding Cruz's responses to the RFAs at this time, and that request is denied without prejudice.

Plaintiffs seek $13,275.00 in monetary sanctions representing their attorney's fees and costs incurred in bringing this motion. Under Federal Rule of Civil Procedure 37(a)(5)(A)–(C), when a motion to compel is granted, the Court must award the movant its reasonable expenses unless the nondisclosure or objections were substantially justified or other circumstances make an award unjust, and when a motion is granted in part and denied in part, the Court may apportion the reasonable expenses incurred in relation to the motion in a just manner. Here, Plaintiffs prevailed on the portions of the motion directed to Defendant's document production and failure to provide a privilege log, but Plaintiffs did not prevail on the portion of the motion directed to the RFAs because those requests were not attached and that portion of the motion was not properly briefed. The Court also considers that defense counsel for Cruz was required to appear in person in Fresno from Los Angeles and incurred travel expenses, and that defense counsel has lost contact with Cruz and Cruz did not return telephone calls to confirm his deposition, and that Plaintiff also did not incur expenses associated with the missed deposition.

Balancing Plaintiffs' partial success on the motion against the circumstances that make a full award unjust, the Court finds that a reduced monetary sanction is appropriate. Accordingly, the Court orders Cruz, and/or his counsel, to pay Plaintiffs monetary sanctions in the amount of $4,500.00, representing a reasonable portion of the fees and costs incurred in bringing the successful portions of this motion, payable within 30 days of service of this Order.

Accordingly, IT IS ORDERED:

1. Plaintiff Hyphy Music, Inc.'s ("Hyphy") motion to compel Defendant Federico Cruz to produce documents and appear for his deposition (Doc. 88) is GRANTED as set forth in this Order.
2. Defendant's objections are overruled to the extent they consist of general, boilerplate, or unsupported objections not specifically tied to individual requests, and Defendant shall serve verified, code-compliant further responses to Plaintiff's Document Requests Nos. 1, 2, 4 through 15, 17 through 21, 24 through 33 within seven (7) days of service of this Order
3. For each request to which Defendant claims compliance, Defendant shall: (a) state clearly whether he will comply in full, in part, or not at all; (b) produce all non-privileged responsive documents; and (c) organize and label all produced documents so that they are identified by the specific request number to which they respond and by the defendant/producing party from whom each document originated.
4. For any request as to which Defendant contends that no responsive documents exist, Defendant shall serve a verified statement describing the diligent search and reasonable inquiry undertaken and stating that no responsive documents are in the possession, custody, or control of Defendant.
5. For any document or portion of a document withheld or redacted based on a claim of privilege or work-product protection, Defendant shall, within the same 7-day period, serve a privilege log that describes the nature of the withheld documents, communications, or tangible things in a manner that permits the opposing party to assess the claim without revealing the privileged information itself.
6. Failure to provide a compliant privilege log may be deemed a waiver of the privilege or protection asserted as to the documents at issue, and may result in an order requiring production of the withheld documents.
7. Defendant Cruz shall appear for deposition on August 18, 2026 at 9:00 a.m. at the specified location or remote platform details as provided by Hyphy. Hyphy shall

provide the details to Cruz no later than August 11, 2026. The deposition may proceed pursuant to Federal Rule of Civil Procedure 30.

8. Defendant Cruz is advised that failure to comply with this Order may result in further sanctions under Federal Rule of Civil Procedure 37, including evidentiary sanctions, striking of pleadings, or entry of default, as appropriate.

9. The Court declines to consider Plaintiff's request for relief regarding Cruz's responses to the Requests for Admission at this time, and that request is DENIED without prejudice.

10. IT IS FURTHER ORDERED that Plaintiffs' request for monetary sanctions is GRANTED IN PART. Pursuant to Federal Rule of Civil Procedure 37(a)(5), and in light of Plaintiffs' partial success on the motion, the Court awards Plaintiffs $4,500.00 in reasonable expenses, payable by Defendant, and/or Defendant's counsel, within 30 days of service of this Order.

Dated: August 3, 2026

Helena M. Barch-Kuchta

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE