UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HYPHY MUSIC, INC.,<br>Plaintiff,<br>v.<br>FEDERICO CRUZ, an individual and dba CRUZ PROMOTIONS, et al.,<br>Defendants. | Case No. 1:23-cv-00700-JLT-HBK<br>ORDER DENYING REQUEST TO SEAL DOCUMENTS AND AUTHORIZE LIMITED REDACTION AND VACATING NOVEMBER 16, 2026 HEARING DATE<br>(Doc. 130) |

Pending before the Court is counsel's request to seal or, alternatively, redact Defendant Federico Cruz's residential and mailing address from the declaration submitted in support of the renewed motion to withdraw as counsel. (Docs. 130). For the reasons explained below, the Court denies the request.

I. Background

On October 11, 2026, Eduardo Martorell, Evan Miller, and Martorell Law APC (collectively "Counsel"), filed a renewed motion to withdraw as counsel for Cruz.[1] (Doc. 131). In the supporting declaration, Counsel redacts Cruz's residential and mailing address but states that it was provided to Plaintiff's counsel in accordance with the Court's earlier direction. (Doc. 131-1 at 4, ¶ 13).

[1] Counsel previously moved to withdraw on July 29, 2026 (Doc. 112), but withdrew that motion on September 2, 2026, (Doc. 127).

That direction arose from an informal telephonic discovery conference held on August 18, 2026, concerning Cruz's refusal to provide his address to Plaintiff's counsel during his deposition. (*See* Doc. 121 (Minute Entry)). The Court directed Counsel "to provide Mr. Cruz's current residential address confidentially to Ms. Flynn and Ms. Otori, solely for purposes of this matter." (*Id.*). Counsel has redacted Cruz's address from the publicly filed declaration and now seeks authorization to maintain that information under seal or in redacted form.

Counsel argues that the motion to withdraw is unrelated to the merits of this action and that public disclosure of the address would "identify the location of Cruz's home beyond the limited disclosure the Court previously directed." (Doc. 130-1 at 2). Counsel further contends that the public can fully scrutinize the motion to withdraw without access to Cruz's address. (Doc. 130-1 at 3).

II. Legal Standard

Under Local Rule 141, documents may be sealed only by written order of the Court upon the showing required by applicable law. Judicial records generally are subject to a presumption of public access, and the party seeking to restrict access bears the burden of establishing that protection is warranted. *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016).

The applicable standard depends on the relationship between the underlying motion and the merits of the action, not merely on whether the motion is labeled dispositive or nondispositive. When a motion is more than "tangentially related to the merits of a case," the party seeking sealing ordinarily must establish compelling reasons. When the motion is unrelated r only tangentially related to the merits, the less demanding good-cause standard applies. *Id.* at 1097-1101.

Counsel's motion to withdraw concerns continued representation rather than adjudication of the underlying claims or defenses. The Court therefore applies the good-cause standard.

Good cause requires a particularized showing that disclosure would cause specific prejudice or harm. *Phillips ex rel. Ests. Of Bryd v. gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002). Broad allegations of harm, unsupported by specific examples or articulated

reasoning, do not satisfy that standard. *Id*. If particularized harm is established, the Court balances the competing public and private interests to determine whether protection is warranted. *Id*.

Federal Rule of Civil Procedure 5.2(a) requires redaction of specified personal identifiers, but it does not require redaction of an adult litigant's residential or mailing address in an ordinary civil action. Local Rule 140 (a)'s mandatory protection of home addresses applies only to criminal actions. Nevertheless, the Court may, for good cause, order redaction of additional information under Rule 5.2(e)91). The absence of mandatory protection therefore does not foreclose relief, but the requesting party must establish a sufficient basis for it.

III. Discussion

A. Counsel has not identified specific prejudice or harm from disclosure.

Counsel has not made the particularized showing necessary to justify sealing or redaction. The request identifies the information as Cruz's residential and mailing address and explains that the public filing would disclose the location of his home. It does not, however, identify any circumstances showing how disclosure would expose Cruz to a specific risk of harassment, intimidation, unwanted contact, or other cognizable harm

The Court recognizes the privacy interest associated with a residential address. But identifying information as private does not, without more, establish good cause to withhold it from a judicial record. The request must connect disclosure to a concrete risk of prejudice or harm. Here, Counsel's assertion that public filing would reveal Cruz's home address describes the consequences of disclosure; it does not explain why that consequence warrants protection under the circumstances of this case.

The Court does not require proof that harm has already occurred. Nor does it hold that a residential address can never warrant protection. Rather, the present request lacks specific facts or articulated reasoning from which the Court could find that public disclosure would cause the particularized hard required by the governing standard.

////

////

B. The prior discovery direction does not independently establish good cause to restrict access to the declaration.

The Court's August 18, 2026 direction addressed disclosure of Cruz's address to Plaintiff's counsel in resolving a discovery dispute that arose in connection with his refusal to provide that information at his deposition. It did not determine whether that address could be withheld from a declaration subsequently submitted in support of a motion to withdraw.

Confidential treatment during discovery and restricted public access to a judicial filing present distinct questions. The prior direction governed Counsel's disclosure to the identified recipients during a deposition for purposes of this litigation; it did not authorize filing documents under seal or exempt future filings from the showing required by Local Rule 141.

The Court has considered the confidentiality contemplated by its earlier direction . That circumstance, however, does not substitute for a particularized showing supporting protection of the address in the present filing. Counsel identifies no separate harm arising from disclosure beyond that the address would become publicly available.

C. The limited scope of the proposed redaction does not eliminate the good-cause requirement.

Counsel also argues that the public can evaluate the motion to withdraw without knowing Cruz's address. That consideration concerns public interest in access to the particular information and whether a proposed restriction is appropriately limited. It does not, standing alone, establish good cause.

Local Rule 182(d) also requires an attorney seeking to withdraw and leave a client self-represented to provide an affidavit stating the client's current or last known address or addresses and describing the efforts made to notify the client of the motion. The address therefore is not gratuitous information included without a procedural purpose. It is information expressly required in connection with the requested withdrawal and relevant to maintain communication with the client if withdrawal is permitted.

Local Ruel 182(d) does not categorically foreclose protection of that information upon an adequate showing. But its disclosure requirement cannot be avoided merely because the address

is unnecessary to understand Counsel's reasons for seeking withdrawal. Counsel must still establish good cause for restricting public access, and the present request does not do so.

D. The privacy rules do not otherwise authorize the requested redaction.

Neither Rule 52(a) nor Local Rule 140(a) requires redaction of Cruz's address in this civil action. Although Rule 5.2(e)(1) permits the Court to protect additional information for good cause, Counsel has not established good cause on the present record.

The Court therefore denies both the request to seal and the alternative request for limited redaction.

Accordingly, IT IS ORDERED:

1. Counsel's request to seal documents or authorize the limited redaction of Defendant Federico Cruz's residential and mailing address (Doc. 130) is DENIED.
2. Within five days of this Order, Counsel shall file an amended declaration that discloses Mr. Cruz's residential and mailing address without redaction.
3. The November 16, 2026 hearing on Counsel's renewed motion to withdraw is VACATED. Upon review of the motion and record, and noting the absence of opposition, the Court deems the matter appropriate for submission on the papers without oral argument.

Dated: November 12, 2026

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE